**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MAURICE WAWERU, ) <br> ) <br> Defendant. ) <br>_____) | **CRIMINAL ACTION** <br><br> No. 13-10044-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss certain counts. (Doc. 32). The motion is fully briefed and ripe for decision. (Docs. 36). Defendant's motion is denied for the reasons herein.

**Analysis**

Defendant, a citizen of Kenya, has been issued a removal order by an immigration judge. On two occasions, January 7 and 24, 2013, Department of Homeland Security (DHS) agents attempted to transport defendant to the airport so that he could be removed to Kenya. On both occasions, defendant refused to place his fingerprint on the removal documents and tore up the removal documents. DHS agents restrained defendant and returned him to his cell.

The grand jury returned an indictment charging defendant with two counts of refusal to depart the United States in violation of 8 U.S.C. § 1253(a)(1)(C) and two counts of interfering with DHS agents in violation of 18 U.S.C. 111. Defendant argues that two counts of the indictment should be dismissed (presumably either the section 111 charges or the section 1253 charges) because they are multiplicious

and violate his Fifth Amendment rights.

Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior. United States v. Morehead, 959 F.2d 1489, 1505 (10th Cir. 1992). Because multiplicity "poses the threat of multiple sentences for the same offense," it "raises double jeopardy implications." Id. The test for multiplicity requires the court to determine "if each offense for which the defendant is tried [] contains a separate element not present in the other." Blockburger v. United States, 284 U.S. 299, 304 (1932). As the government has outlined in its brief and as conceded by defendant, the two statutes at issue require the government to prove a separate element not present in the other. (Docs. 32 at 5; 36 at 2-3). Therefore, according to the Blockburger test, the indictment does not violate defendant's Fifth Amendment rights.

Defendant, however, argues that the charged conduct represents a "singleness of thought, a singleness of purpose, a singleness of action" and therefore, the court should employ an "impulse test" to determine how many "courses of conduct" were involved, citing to United States v. Chipps, 410 F.3d 438 (8th Cir. 2005). Defendant's reliance on Chipps is misplaced. Chipps involved a defendant who was indicted with two counts of simple assault relating to the same incident. The only difference in each count was the type of weapon used and the incidents occurred very close in time. The Eighth Circuit held that the defendant could not be punished for both charges. The next year, however, the Eighth Circuit clarified that Chipps is only applicable to defendants who are charged with two counts of the same statutes. See United States v. Tail, 459 F.3d 854

(8th Cir. 2006). In <u>Tail</u>, the Eighth Circuit explained that the <u>Blockburger</u> test is the appropriate standard when a defendant is charged with violations of two distinct statutes. Therefore, the "impulse test" is not appropriate in this case.

## Conclusion

Defendant's motion to dismiss is denied. (Doc. 32).

IT IS SO ORDERED.

Dated this   24th   day of October 2013, at Wichita, Kansas.

>                         s/ Monti Belot
>                         Monti L. Belot
>                         UNITED STATES DISTRICT JUDGE